# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7543 | **DATE** | 3/11/2004 |
| **CASE TITLE** | Dilworth vs. La-Salle Chicago 24 Hour Currency Exchange | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, defendant's renewed motion for judgment as a matter of law is denied [49-1]. Enter Memorandum Opinion and Order. Plaintiff's motion for attorneys' fees and costs [50-1] is entered and continued to 3/25/04 at 9:00 a.m. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 2 2004 | 53 |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| MF | courtroom deputy's initials | 2004 MAR 11 PM 3:28 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAURIA DILWORTH, | ) | **DOCKETED** |
| Plaintiff, | ) ) ) | MAR 1 2 2004 |
| v. | ) ) | No. 02 C 7543 |
| LASALLE-CHICAGO 24-HOUR CURRENCY EXCHANGE, INC.; GEORGE CERDA; and BARRY SHACK, | ) ) ) ) | Judge John W. Darrah |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tauria Dilworth, filed a four-count complaint against Defendants, alleging false imprisonment (Count I), intentional infliction of emotional distress (Count II), violation of the Employee Polygraph Protection Act ("EPPA") (Count III), and wrongful discharge (Count IV). In January 2004, a jury trial was held. Following the close of Plaintiff's case in chief, Defendants moved for a directed verdict on all counts; Defendants' motion was denied. The jury returned a verdict in favor of Defendants on Counts I, II, and IV. The jury returned a verdict in favor of Plaintiff and against Defendant LaSalle-Chicago 24-Hour Currency Exchange, Inc. on Count III in the amount of $6,000.00. Presently before the Court is LaSalle-Chicago's Renewed Motion for Judgment As a Matter of Law.

When considering a motion for judgment as a matter of law, the court looks to all of the evidence in the records and asks whether any reasonable jury could have found in the plaintiff's favor. *See Appelbaum v. Milwaukee Metro. Sewage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003) (*Appelbaum*). The evidentiary record is construed in the plaintiff's favor, and all reasonable inferences are construed in the plaintiff's favor. The reviewing court does not weigh the evidence

or make its own credibility determinations. *See Appelbaum*, 340 F.3d at 578-79.

LaSalle-Chicago contends that judgment as a matter of law should be entered on Plaintiff's EPPA claim because the evidence is legally insufficient to support the jury's verdict.

The EPPA prohibits an employer to require or request any employee or prospective employee to take or submit to a lie detector test. *See* 29 U.S.C. § 2002(1). Employers are also prohibited from discharging an employee for refusing or failing to take a lie detector test or on the basis of the results of a lie detector test. *See* 29 U.S.C. § 2002(3). However, an employer may request an employee submit to a lie detector test if:

> (1) the test is administered in connection with an ongoing investigation involving economic loss or injury to the employer's business, such as theft ...
>
> (2) the employee had access to the property that is the subject of the investigation;
>
> (3) the employer has a reasonable suspicion that the employee was involved in the incident or activity under investigation; and
>
> (4) the employer executes a statement, provided to the examiner before the test....

29 U.S.C. § 2006(d). These exemptions do not apply "if an employee is discharged, disciplined, denied employment or promotion, or otherwise discriminated against in any manner on the basis of the analysis of a polygraph test chart or the refusal to take a polygraph test, without additional supporting evidence. The evidence required by such subsection may serve as additional supporting evidence." 29 U.S.C. § 2007(1).

LaSalle-Chicago first argues that it is exempt from violating Section 2002(1) of the EPPA because it meets the required elements set forth in Section 2006(d). The undisputed evidence

2

established that the Defendants requested that Dilworth submit to a lie detector test in connection with an ongoing investigation involving economic loss or injury to the employer's business and that Dilworth had access to the property that was the subject of the investigation. However, a reasonable jury could have concluded that LaSalle-Chicago's suspicion of Dilworth, when it requested that a lie detector test be performed, was not reasonable. Dilworth testified that she repeatedly told the Defendants that she did not take the $2,000.00 in dispute and that she did not know what happened to the money. While Dilworth's coworkers testified that they saw Dilworth with the $2,000.00, the jury need not conclude that such testimony was credible or, if so, that it evidenced a reasonable suspicion that Dilworth took the $2,000.00, particularly in light of her continued denial and the lack of any direct evidence that Dilworth had taken the money. Accordingly, a reasonable jury could have concluded that LaSalle-Chicago failed to prove it was exempt under Section 2006(d).

Furthermore, a reasonable jury could have found that LaSalle-Chicago violated Section 2002(3) by terminating Dilworth's employment when it learned that she had not taken a lie detector test. At trial, the evidence included testimony that on September 5, 2002, Dilworth informed Jorge Cerda that she had not scheduled or taken the lie detector test that was agreed to on August 31, 2002; immediately upon learning of this, Cerda informed Dilworth that she could not return to work. Based on this evidence, a reasonable jury could have concluded that Dilworth was discharged for failing to take the lie detector test in violation of 29 U.S.C. § 2002(3).

For the reasons stated above, LaSalle-Chicago's Renewed Motion for Judgment as a Matter of Law is denied.

Dated: March 11, 2004

JOHN W. DARRAH
United States District Judge